**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Able L. ALDRETE, Defendant-Appellant.**

**No. 26951.**

United States Court of Appeals
Fifth Circuit.

June 17, 1969.

Joe D. Prickett, Prickett, Tracy & Cook, San Antonio, Tex., for appellant.

Ted Butler, U. S. Atty., Warren Weir, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH and GODBOLD, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

This appeal is from a conviction on a charge of receipt, concealment and facilitation of transportation of heroin under 21 U.S.C.A. § 174. We affirm.

■ Appellant urges that the district court erroneously denied his motion for a civil commitment in lieu of prosecution under the Narcotics Rehabilitation Act, 28 U.S.C.A. §§ 2901–2906. But the statute itself provides that a determination relative to civil commitment is not reviewable on appeal or otherwise. 28 U.S.C.A. § 2906.

■ There was probable cause to issue a search warrant. A San Antonio police officer, formerly assigned to narcotics work, lived in the house adjacent to that of appellant. He informed narcotics agents that he had observed persons known to him to be narcotics users entering and leaving appellant's residence. Some were teenagers. On many occasions he had seen persons emerging with blood still on their arms and using saliva to wipe off blood. Narcotics officers placed the house under surveillance during four different days. During those days they observed 32 persons known to them to be users entering the house, leaving it, and on emerging some rubbing their arms and removing blood with saliva. Teenagers were among those so described. The persons stayed in the house three to five minutes. On a fourth day one of the officers saw eight other known users, including two teen-age girls who exited rubbing their arms. The probable cause for a warrant was adequate. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (U.S. Jan. 28, 1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Brett v. United States, 412 F.2d 401 (5th Cir. 1969) [May 5, 1969]; United States v. Rich, 407 F.2d 934 (5th Cir. 1969) [Feb. 21, 1969], cert. denied, 395 U.S. 922, 89 S.Ct. 1775, 23 L.Ed.2d 239 (U.S. May 26, 1969).

■ Searching officers demanded entry to the residence. Fifteen to 20 seconds elapsed, they could see two persons rushing to the rear of the house, then they broke in the door. The entry was not invalid.[1] McClure v. United States, 332 F.2d 19 (9th Cir. 1964); Masiello v. United States, 115 U.S.App. D.C. 57, 317 F.2d 121 (1963).

■ Appellant urges that the court, in ruling on the motion to suppress based on alleged invalidity of the search warrant and of the forcible entry, was required to submit to the jury for its determination all factual questions bearing on the motion. Fed.R.Crim.P. 41(e) is to the contrary. See also; Masiello v. United States, supra and Masiello v. United States, 113 U.S.App.D.C. 32, 304 F.2d 399, 401 (1962).

■ There was sufficient evidence to submit to the jury. The issue of whether appellant, when found in the house, had in his possession a vial of heroin was for the jury to determine on conflicting evidence.

Affirmed.

---

1. 18 U.S.C.A. § 3109:
    Breaking doors or windows for entry or exit
    The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.