UNITED STATES of America,
Plaintiff-Appellee,

v.

Carlos ABARCA–ESPINOZA, Defendant-Appellant.

No. 26327.

United States Court of Appeals,
Ninth Circuit.

April 14, 1971.

Victor Manuel Lazcano, South San Francisco, Cal., William N. Fielden, La Jolla, Cal., for defendant-appellant.

Shelby R. Gott, Asst. U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS, CARTER and WRIGHT, Circuit Judges.

PER CURIAM.

Abarca-Espinoza appeals from convictions of violations of 21 U.S.C. § 176a, smuggling marijuana, and 18 U.S.C. § 545, smuggling merchandise. We affirm.

His contentions are:

(1) that the government did not produce nor name the informant who had alerted the border guards; and

(2) that a fair trial was denied for lack of Mexican-Americans on the jury panel.

There was no indication that the informant was a participant or witness to the crimes for which appellant was tried and convicted, so the identity of the informant could not have aided the defense. Bloomer v. United States, 409 F.2d 869 (9th Cir. 1969). Because it was a border search, probable cause need not be shown. Nor was the reliability of the informant an issue.

[3] Appellant's motion to disqualify the entire jury panel was made orally just before the start of the trial. Defense counsel offered no proof of any deliberate systematic exclusion of Mexican-Americans from the panel. On appeal he argues that there is something unfair in excluding from a jury panel Mexican-Americans who are aliens, although permanent residents of the United States. There were Negroes and a Filipino on the panel.

"Neither the jury roll nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group." Swain v. Alabama, 380 U.S. 202, 208, 85 S.Ct. 824, 829, 13 L. Ed.2d 759 (1965).

See also, Bloomer v. United States, 409 F.2d at 871.

Affirmed.