**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Franklin Eugene KELLY, Defendant-
Appellant.**

**No. 71-2283.**

United States Court of Appeals,
Ninth Circuit.

Oct. 6, 1971.

John N. Politis (argued), San Diego, Cal., for defendant-appellant.

Howard Frank, Asst. U. S. Atty., (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WEICK *, CARTER and TRASK, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

After a trial by jury, appellant Kelly was found guilty under 21 U.S.C. § 174 of conspiracy to import heroin and of knowingly concealing and facilitating the transportation and concealment of

* Honorable Paul C. Weick, United States Circuit Judge, Sixth Circuit, sitting by designation.

heroin. In his appeal he contends that the court erred in failing to require disclosure of the identity of the government's informant. We affirm.

In September, 1970, the United States Customs Office received information from a reliable informant that a large quantity of heroin would be brought across the border by an identified individual at a particular time. Pursuant to their information, Customs officers followed the individual to a bus terminal bathroom, where they observed him tying a package to the back of a toilet. A Customs officer observed the individual then recross the border into Mexico.

One Eskenazi later made the pick-up. He thereupon took a cab to Oscar's restaurant where he met appellant Kelly. Defendant and Eskenazi were arrested while attempting to leave in a cab. Heroin was found in Eskenazi's possession.

The district court denied appellant's motion to disclose the informant's identity. Appellant finds error in that denial. He argues the identity is relevant in that the informant may have been the same individual who crossed the border and placed the heroin in the bathroom. He argues that this degree of participation in the crime makes the identity of the informer relevant to his defense under Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

■ We do not so read *Roviaro*. That case holds that the government's privilege to withhold an informer's identity must give way where his identity is "relevant and helpful to the defense of the accused, or is essential to a fair determination" of his case. *Id.* at 60–61, 77 S.Ct. at 628. This is no simple test; it does not lend itself to mechanical application. It is an attempt to balance the government's interest in non-disclosure against the accused's interest in preparing his defense. *Id.* at 62, 77 S. Ct. 623. More recent decisions of this court, in defining this balance, place upon the defendant the burden of showing the need for disclosure. *E.g.* United States v. Estrada (9 Cir.1971), 441 F.2d 873, 879; Gaylor v. United States (9 Cir.1970), 426 F.2d 233, 234–235. Mere speculation that an informer may be of some help is not sufficient to overcome the public interest in the protection of the informer. United States v. Estrada, *supra*; Lannom v. United States (9 Cir. 1967), 381 F.2d 858, 861.

■ The appellant here has not met his burden. He merely speculates as to the relevancy of the informant's testimony. The facts of his case moreover, do not suggest the testimony would have been relevant. The informant neither witnessed the crime nor transacted business with the defendant.

The insufficiency of appellant's speculation was brought out during oral argument. Counsel was asked what the informer could testify to, assuming the informer was the man who placed the package in the bathroom. Appellant's sole suggestion was that the informant could "shed light on the conspiracy."

It is not seen how this could be of help to appellant. Four conspirators were charged in the indictment: appellant Kelly, Eskenazi, and two other individuals, Harris and Tabor.[1] There is no contention that the conspiracy was not properly proven as to the four named persons. At the most, the informer might have testified that he knew Eskenazi, and possibly the other co-conspirators; that he knew Eskenazi would pick up the package; and possibly that he knew other details of the conspiracy. Such testimony would only have widened the circle of conspiracy; it would not have aided appellant.

Mere participation in the crime does not bring the informer under the rule of *Roviaro*. Appellant would apparently have us require the identification of any informant who participated in the crime, no matter how attenuated the relation-

---

1. Tabor's case was severed. Harris plead guilty. Eskenazi's case was·severed for a guilty plea after appellant's trial. The trial proceeded only as to appellant Kelly.

ship between the accused and the informant might be. *Roviaro*, however, involved an informant who directly participated with the accused in the crime and witnessed it. The relevancy of testimony by such participants is obvious. *Roviaro* does not suggest the relevancy of testimony by an informant who has neither dealt with an accused nor witnessed his crime. We thus find no error in the district court's denial of the appellant's motion to require disclosure of the informant's identity.

Affirmed.