STATE of Missouri, Plaintiff-Respondent,

v.

William Edward NAFZIGER, Defendant-Appellant.

No. KCD 27112.

Missouri Court of Appeals, Kansas City District.

Dec. 31, 1975.

Motion for Rehearing and/or Transfer Denied Feb. 9, 1976.

Application to Transfer Denied April 14, 1976.

James R. Wyrsch, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Scott A. Raisher, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Defendant appeals from a judgment of conviction and jury-imposed sentence of seven years imprisonment for selling cocaine. A single pivotal issue requires reversal. That issue is the failure of the trial court to require disclosure of an informant.

A summary statement of the facts will suffice to pose the issue. A police officer, Dawson, was contacted by an informant who advised Dawson that one Dennis Koenak would be selling cocaine at a house on East 77th Terrace in Kansas City, Missouri. Dawson and his partner, Kastner, went to the location of the house, and Dawson and the informant went into the house. There were six to eleven persons besides Dawson and the informant in the house. Two persons in the house had been previously arrested by Dawson. Dawson was introduced to a person identified only as "Bill." Dawson or the informant said they were waiting for Dennis, and Bill told them Dennis would be back in about twenty minutes. Dawson, being apprehensive about the possibility of recognition by those persons he had previously arrested, left the house with the informant on the pretext of purchasing some wine. They discussed the matter with Kastner outside the house, purchased the wine and returned to the house. Shortly after their return, Bill came to Dawson and told him he did not think Dennis would come. Bill asked Dawson what he wanted, and Dawson said coke, meaning cocaine. Bill, Dawson, and the informant then met in the kitchen of the premises, and Bill sold Dawson tinfoil packages which were later identified as containing cocaine. As Dawson and the informant left the house, Bill came out and told Dawson he had given them too much "coke" for the price. A package was returned, and Dawson and the informant left. Upon further investigation, the police determined that Bill was an alias for one Percy Cresto. Ultimately, as a result of Dawson's examination of a photograph and a visit to the tavern where the defendant worked, he connected the names Bill, Percy Cresto, and William Nafziger to the defendant.

Prior to trial, counsel for the defendant deposed Dawson and Kastner and attempted to learn the identity of the informant who was with Dawson at the time of the sale.[1] Following instructions from the State's attorney, both Dawson and Kastner refused to identify the informant. A pretrial motion requesting disclosure of the identity of the informant was overruled "on the basis of the suggestions filed in support and in opposition and on the depositions of

1. The State has questioned the use of the depositions of the two police officers, pointing out that a motion to supplement the transcript was overruled. A review of this court's file indicates the ruling was not intended to exclude the depositions from the record here, but to permit their filing as exhibits in this court which has been done.

the police officers." The case was transferred to another circuit judge who restricted the scope of questioning at the trial in accordance with the pre-trial ruling on the motion to disclose the identity of the informant.

The deposition testimony discloses that the officers refused to disclose on the basis that the "privilege" was being asserted and the informant was characterized as "confidential." In the State's suggestions in opposition to the motion for discovery, it is stated that the informant's life would be endangered if his name were disclosed, but no facts are alleged or proven to support this conclusionary statement.

The deposition testimony of Dawson discloses that he knew the informant's name, but not his present whereabouts; that he had had no recent contact; and that the informant had been paid, but was not presently being paid or used by the State.

The defendant testified at trial and the substantial issue threaded through the entire transcript is the question of the possible mistaken identity by Dawson of the defendant. That the informant's testimony would have been relevant and material on the issue of identification is apparent. The jury, in fact, by written question to the court, requested information as to the presence of the informant at the tavern where Dawson ultimately observed the defendant and established his true name.

■ As noted, the defendant postulates error with respect to the pre-trial motion for discovery on the ground that the trial court should have ordered disclosure of the name of the informant. The State counters by asserting that the trial court did not abuse his discretion in overruling the motion for discovery. The State is, of course, correct in its contention that the ruling of the motion for discovery with respect to an informant constitutes a discretionary act by the trial court.

The State, however, contends that the basis supporting the trial court in its ruling on the motion for discovery is that there is no showing in this case that the informant participated in the transaction. Relying upon *State v. Yates*, 442 S.W.2d 21 (Mo. 1969) and *State v. Taylor*, 508 S.W.2d 506 (Mo.App.1974), the State's argument is that the case law requires that the informant be a *participant* in the transaction and, absent a showing that he *participated*, the trial court cannot be convicted of error in refusing to disclose his identity. The State's insistence upon the requirement of participation has some support in the literal language of the cases, but an examination of the facts of the cases indicates that participation as it is used in the language of the cases is, in reality, a reference to the presence of the informant at some critical stage of the proceedings so that he is qualified to testify concerning essential facts in the case. In an entrapment situation, this may, of course, involve participation in the usual sense of that word. In a case involving an identity question, mere presence of the informant and the opportunity to observe the alleged violator and, therefore, be in a position to either support the State's identification testimony or weaken it, becomes critical. *State v. Hubble*, 494 S.W.2d 358 (Mo. App.1973), is likewise a case where the defendant did not raise the issue of mistaken identity.

The leading federal case on the subject of disclosure of an informant's identity is *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The court posited three possible defenses for which the informant's testimony could be vital: entrapment, *mistaken identity of the person or package*, and lack of knowledge of the contents of the package (353 U.S. 53 at 64, 77 S.Ct. 623). Failure to identify the informant constituted reversible error.

■ The court in *Roviaro* articulated the standards for determining whether disclosure of an informant's identity is required in a given case. The basic requirement is one of fundamental fairness. "Where the disclosure of an informant's identity, or of the contents of his communication, is rele-

vant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." (353 U.S. 53 at 60–61, 77 S.Ct. at 628). There are no fixed rules. "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." (supra at 62, 77 S.Ct. at 628).

In *United States v. Martinez,* 487 F.2d 973 (10 Cir., 1973) and *Hawkins v. Robinson,* 367 F.Supp. 1025 (D.Conn., 1973), convictions were reversed on facts similar to the facts of the instant case. In *Martinez,* an agent testified that he went with an informant to the home of Melvin Sedillo. The informant introduced the agent to Sedillo. Sedillo introduced the agent to his wife and to Martinez. The agent testified that a narcotics sale took place in the kitchen with all five persons present. That testimony was what the government relied on to convict Martinez. The other government witnesses were parked in a nearby automobile (487 F.2d 973 at 974). Sedillo claimed that neither his wife nor Martinez were in the kitchen when the sale was made. Martinez had left the house for a brief interval and returned, all while the agent was there (supra at 975). The court reversed, relying on *Roviaro.* The balance between protecting the flow of information to police and the individual's right to prepare his defense in this case required disclosure. The court thought it particularly important for Martinez to have available the informant's testimony since there was a conflict in the testimony of the agent and that of Martinez and Sedillo in regard to Martinez's presence at the sale (supra at 975, 976).

In *Hawkins v. Robinson,* supra, an alleged narcotics sale took place in the immediate presence of a policeman, an informant and the defendant. Defendant claimed he was not in the city on the date of the alleged sale (367 F.Supp. 1025 at 1027). The court held that the critical issue at the trial was identity of the person who sold the narcotics to the agent. The informant's testimony thus would have been "highly relevant." Fundamental fairness required disclosure of the "eyewitness-informant's identity" (supra at 1036).

In Missouri, the approach of *Roviaro* was declared the law in *State v. Edwards,* 317 S.W.2d 441 (Mo. banc 1958). Subsequent cases show that the state courts have adhered to the standards of *Roviaro* and *Edwards* and when disclosure is not made when required by the application of the standards to the facts, a conviction will be reversed. *State v. Davis,* 450 S.W.2d 168 (Mo.1970).

In the case at bar, refusal to disclose the informant's identity constituted reversible error. The informant is a critical witness whose testimony as to "Bill's" identity is highly probative, given the contradictory testimony of Officer Dawson and defendant Nafziger. Testimony of a police agent is no substitute for that of an informant (*State v. Davis,* supra at 172–173); and where there is conflict in testimony, the informant's account takes on additional importance (*United States v. Martinez,* supra, at 975). Unlike the situations in *Yates,* supra, and *Taylor,* supra, there is no witness other than the informant who could be called on behalf of the defendant. This case falls within the dicta of *Roviaro* (that disclosure is required when the informant's testimony is critical to the issue of mistaken identity) and is within the facts of both *Martinez,* supra, and *Hawkins v. Robinson,* supra, where an informant's testimony would have been highly relevant to the issue of identity of the respective defendants.

The case for disclosure is enhanced when the balancing test is applied. It is clear that defendant's defense at trial was mistaken identity. For defendant to pursue

this defense, availability of the only other witness to the transaction—the informant—was very important. But beyond its mere allegation that disclosure would endanger the life of the informant, the state says nothing. Indeed, the evidence is that the informant is no longer being used by the police, and no effort was made by the state to present any facts to weigh the scales toward nondisclosure.

Other points are raised, but the parties are advised by the briefing here, and those procedural points need not arise in another trial.

Judgment reversed and remanded for a new trial.

All concur.