**STATE of Missouri, Respondent,**

v.

**Ralph BROADUS, Appellant.**

**No. WD 31519.**

Missouri Court of Appeals, Western District.

March 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 4, 1981.

Bruce W. Simon, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and SHANGLER and SOMERVILLE, JJ.

PER CURIAM:

In a court-tried case, Ralph Broadus was convicted of possessing marijuana in excess of 35 grams, a Schedule I, Missouri Controlled Substance, § 195.020 RSMo 1978, and sentenced to five years' imprisonment. He appeals alleging as error the trial court's denial of defendant's request for disclosure of the State's informant's identity. We affirm.

On April 19, 1979, Kansas City, Missouri police officers Dale Garrison and Gary Wilson contacted an informant in regard to making a purchase of a controlled substance at 3802 Highland for the purpose of obtaining probable cause for a search warrant. Officer Garrison had received accurate information from the informant leading to arrests on at least seven prior occasions.

Immediately before the purchase the officers thoroughly searched the informant for cash and narcotics and gave him $40. Upon his return five to ten minutes later they again searched informant and found no cash but that he was in possession of a bag containing marijuana.

Based on the foregoing facts Officer Garrison obtained a warrant to search 3802 Highland which was executed on April 21, 1979. Several officers were stationed near the back porch of the house when the

search began. They observed defendant come out the porch door and down the back steps carrying what appeared to be a chopped-off beer carton box. They apprehended him at that point and took custody of the box which contained a green leafy substance later identified as two pounds of marijuana.

Defendant contends the court erred in not compelling the disclosure of informant's identity because his testimony might have been relevant to defendant's case in chief or to the validity of the search warrant.

The Supreme Court in *State v. Wandix,* 590 S.W.2d 82 (Mo. banc 1979), recently discussed the degree of relevancy needed to compel disclosure of a confidential informant. Relying upon *Roviaro v. United States,* 353 U.S. 53, 59–62, 77 S.Ct. 623, 627–629, 1 L.Ed.2d 639 (1957), and *State v. Nafziger,* 534 S.W.2d 480, 482–483 (Mo.App. 1969), the court held, "In summary, the rule requires disclosure where the informant was in a position to offer testimony relevant and crucial to the defense, i. e., disclosure would not be required if the testimony were on minor or collateral issues or if the testimony would be merely cumulative of that of other neutral parties." *State v. Wandix, supra,* 590 S.W.2d at 85.

■ Both *Wandix, supra,* and *Roviaro, supra,* cited the issues of identity, scienter and entrapment as ones on which informant testimony may be vital. However, in the present case defendant eliminated these issues by his statements to the police that he knew marijuana to be regularly kept on the premises and that he was absconding with it when he was arrested. Further, defendant presented no evidence at trial and does not now suggest how testimony of the informant might be helpful. Nor is it alleged that informant was a witness to the illegal possession. *State v. Nafziger, supra,* 534 S.W.2d at 482. For these reasons the trial court did not err in finding the informant's testimony not essential to defendant's case in chief.

■ Defendant further contends disclosure was necessary in order to permit him to adequately challenge the validity of the search warrant. The general rule in such situations is that the identity of the probable cause informant need not be disclosed if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that the police officers did rely in good faith upon credible information supplied by a reliable informant. *State v. Boyd,* 492 S.W.2d 787, 791–792 (Mo. 1973), *cert. denied,* 414 U.S. 1069, 94 S.Ct. 579, 38 L.Ed.2d 475 (1973); *State v. Hanson,* 587 S.W.2d 895, 903 (Mo.App.1979); *State v. McCann,* 543 S.W.2d 504, 507 (Mo.App. 1976). In the present case the trial court heard testimony from both officers who worked with the informant and defendant had ample opportunity to cross-examine.

■ Nor does the fact that the police initiated the contact with informant and set up the controlled purchase without previous probable cause aid defendant's cause, as he contends. It has been consistently held that undercover agents who hold themselves out as members of the public and are freely admitted into a residence are acting within the law and their testimony is supportive of probable cause. *United States v. Bush,* 283 F.2d 51 (6th Cir. 1960); *State v. Braun,* 209 Kan. 181, 495 P.2d 1000 (1972). The same principle applies under the facts of the present case where informant is not an undercover agent.

■ Defendant's reliance on *United States v. Hurse,* 453 F.2d 128 (8th Cir. 1971), *cert. denied,* 414 U.S. 908, 94 S.Ct. 245, 38 L.Ed.2d 146 (1973), is also misplaced. There the court held that where the existence of probable cause to make a *warrantless* search may hinge on the reliability of an informant, the District Court is required to conduct an *in camera* examination. Missouri has rejected this requirement whether a warrant was issued or not. *State v. Boyd, supra,* 492 S.W.2d at 792.

■ We therefore find that the court did not err in refusing to require the prosecutor to disclose the informant's identity.

The judgment is affirmed.