JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Ray Pope ("defendant") appeals from the denial of his motion to suppress and his convictions for three counts of trafficking in drugs, possession of drugs, and possession of criminal tools. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
 {¶ 2} In October 2001, Cleveland police, working with an undisclosed informant, arranged a drug purchase of Methylenedio-xymethamphetamine, aka MDMA or Ecstasy ("Ecstasy"). The informant dealt with Joel McWhorter, the co-defendant in this case, who agreed to sell the informant the Ecstasy. A police officer testified that he listened to some phone conversations between the informant and McWhorter via three-way. McWhorter reportedly told the informant that he would arrange the sale and obtain the drugs from his "supplier." An officer testified that they intended to arrest McWhorter for trafficking drugs based on this offer to sell.
 {¶ 3} On October 17, 2001, McWhorter met the informant and another undisclosed individual at West 25th and Denison. Police had set up stationary surveillance at that location and observed McWhorter on foot enter the informant's vehicle. Officers began a "rolling surveillance" by following the vehicle and also set up stationary surveillance at the identified destination of East 64th and Harvard. The informant's vehicle pulled into a parking lot off of East 64th. Defendant was waiting in a vehicle in that parking lot. Officers observed McWhorter and the informant enter defendant's vehicle. McWhorter sat in the rear while the informant entered the front passenger seat. Shortly thereafter, the informant exited defendant's vehicle and re-entered his own. At that point, McWhorter moved into the front passenger seat of defendant's vehicle.
 {¶ 4} The informant reportedly gave a predetermined signal indicating that the sale had occurred and the police immediately approached defendant's vehicle. One officer went to arrest McWhorter, as planned. Another officer testified that he approached the driver's side with his gun drawn and unaware of defendant's identity. The officer opened the door and testified that he immediately saw a large bag of marijuana in the driver's door pocket. Consequently, the officer arrested defendant for possession of the marijuana.
 {¶ 5} The officer intended at that point to tow the vehicle and began an inventory of the car. The officer located a bag of pills, which he believed to be Ecstasy in the middle console. However, the officers decided not to tow the vehicle because it belonged to defendant's girlfriend who needed it for work.
 {¶ 6} Defendant and McWhorter were both indicted for three counts of drug trafficking, possession of drugs, and possession of criminal tools. Prior to defendant's trial, McWhorter entered an agreement with the State whereby he would testify against defendant and, in exchange, be allowed to plead guilty to one count of trafficking in drugs. McWhorter further testified that he was promised a recommended two-year sentence to run concurrently with the one-year sentence that he was then serving.
 {¶ 7} It is undisputed that the only persons who actually witnessed the drug transaction within defendant's vehicle were defendant, McWhorter, and the undisclosed informant. Defendant moved the court to disclose the informant's identity, which the court denied. Defendant further moved to suppress the evidence, which the court also denied.
 {¶ 8} McWhorter testified that defendant supplied the Ecstasy. However, defendant testified that it was McWhorter who possessed and sold the Ecstasy. Defendant further maintained that he was only there to give his friend McWhorter a ride, which he had done on previous occasions. The officers admitted that they did not observe the transaction inside of the car, which occurred approximately fifty feet away at night.
 {¶ 9} The jury convicted defendant on all counts of the indictment. Defendant appeals assigning three errors which will be addressed in the order presented for review.
 {¶ 10} "I. The trial court erred when it denied the defendant's motion to suppress evidence."
 {¶ 11} Defendant maintains that police lacked the requisite reasonable suspicion or probable cause to stop the defendant and proceeded to conduct an illegal inventory search of the vehicle. For the reasons that follow, we disagree.
 {¶ 12} A reviewing court is bound to accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. State v. Klein (1991),73 Ohio App.3d 486. However, the reviewing court must independently determine, as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627.
 {¶ 13} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them, per se, unreasonable unless an exception applies. Katz v. United States (1967),389 U.S. 347, 19 L.Ed.2d 576, 88 S.Ct. 507. An investigative stop, orTerry stop, is a common exception to the Fourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889,88 S.Ct. 1868, 44 Ohio Op.2d 383. Under the Terry stop exception, an officer properly stops an automobile if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. Delawarev. Prouse (1979), 440 U.S. 648, 653, 59 L.Ed.2d 660, 99 S.Ct. 1391; Statev. Gedeon (1992), 81 Ohio App.3d 617, 618; State v. Heinrichs (1988),46 Ohio App.3d 63.
 {¶ 14} After conducting an evidentiary hearing, the court concluded that the officers possessed probable cause and reasonable suspicion to arrest defendant. We agree.
 {¶ 15} According to the record, the officers heard McWhorter offer to sell Ecstasy to the informant. Through surveillance, the officers observed the informant and McWhorter enter defendant's vehicle. After that, the informant signaled the officers that the drug transaction had occurred. The officers arrested McWhorter and testified that they approached defendant as a safety precaution. When the officer opened the driver side door, he said he immediately saw marijuana in a form packaged for sale and arrested defendant for that reason. Subsequent to defendant's arrest, officers began an inventory of the vehicle and found the bag of Ecstasy.
 {¶ 16} Based on the record, the officers clearly possessed reasonable articulable suspicion to approach the defendant as they arrested an occupant of his vehicle for violating Ohio's drug law. Upon observing the packet of marijuana in plain view in the door next to the defendant, the police arrested defendant.
 {¶ 17} "When a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. (New York v. Belton 1981, 453 U.S. 454, 460, 101 S.Ct. 2860,2864, 69 L.Ed. 768, 775, followed; State v. Brown 1992, 63 Ohio St.3d 349,588 N.E.2d 113, syllabus, overruled; Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, harmonized.)" State v. Murrell (2002), 94 Ohio St.3d 489, syllabus.
 {¶ 18} It is clear from the record that the police intended to arrest McWhorter from the time they overheard him offer to sell drugs to the informant. Therefore, the initial "stop" of the defendant was in accordance with police procedure as they effected McWhorter's arrest. Thereafter, the officers lawfully arrested the defendant in connection with the bag of marijuana found in plain view.
 {¶ 19} We find that the trial court's findings are supported by competent and credible evidence in the record including, but not limited to, the officers' knowledge of McWhorter's offer to sell Ecstasy, the police surveillance, the informant's signal that the transaction was complete, and the bag of marijuana found in plain view that led to defendant's lawful custodial arerst. Accordingly, Assignment of Error I is overruled.
 {¶ 20} "II. The trial court erred when it failed to order the State to reveal the identity of its confidential informant."
 {¶ 21} It is well settled that the government enjoys the privilege to withhold the identity of informants that aid in the enforcement of the law. Rovario v. United States (1957), 353 U.S. 53, 59. This privilege, however, is subject to certain limitations. In Rovario, the court held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61.
 {¶ 22} The United States Supreme Court declined to adopt a fixed rule with respect to disclosure. Id. at 62. Instead, the court preferred to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." In Roviaro, the court further reasoned that "[t]he desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than for the government to decide." Id. at 64 (emphasis added).
 {¶ 23} In accordance with Roviaro, the Ohio Supreme Court has held that "[t]he identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to a criminal charge." State v. Williams
(1983), 4 Ohio St.3d 74, paragraph one of the syllabus. In Williams, the court focused on the degree of the informant's participation in determining whether the competing interests outlined in Roviaro favored disclosure. Id. at 76.
 {¶ 24} Defendant maintains that disclosure would be beneficial to his defense since the informant was the only person that witnessed the transaction besides McWhorter and defendant. The State counters that the record does not support defendant's belief that the informant would testify, as he did, that McWhorter was the "true seller." As a result, the State maintains that the defendant failed to overcome the privilege of non-disclosure. The record in this case does not definitively establish whether the informant's testimony would or would not be beneficial to the defendant.
 {¶ 25} In this case, the record evidence is conflicting as to who actually possessed and offered to sell the ecstasy to the informant in defendant's vehicle. The informant participated in setting up this transaction and is the only other witness as to what happened inside that vehicle besides the defendant and co-defendant. It is undisputed that the police officers who were conducting surveillance 50 feet away in the parking lot did not observe the transaction that occurred in the defendant's vehicle.
 {¶ 26} There is no indication whatsoever in the record as to whether the informant would corroborate the defendant's or the co-defendant's version of events; or if he would provide yet a different scenario. The value of the informant's testimony as an eyewitness and participant in the transaction is heightened by the recognized incentive for the co-defendant to shift blame; especially when he has been charged with the same offenses and received a plea bargain in exchange for his testimony against the defendant. For this reason, cases in which Ohio courts have upheld non-disclosure based on testimony of other eyewitness, such as law enforcement officers, do not address the particular concerns that attend accomplice testimony. E.g., Williams, supra; State v. Robinette (June 10, 1992), Jackson App. No. 669; Statev. Pomales (June 25, 1992), Cuyahoga App. 60264; State v. Kader (Sept. 26, 1985), Pike App. No. 367. On the other hand, cases in which courts have required disclosure when the informant is the only witness to the transaction with the defendant do not necessarily compel disclosure here since there is the testimony of another witness to the transaction, namely the co-defendant. See State v. Phillips (1971), 27 Ohio St.2d 294.
 {¶ 27} While the State contends that the defendant did not prove that the informant's testimony would aid in his defense, defendant testified that the co-defendant brought the drugs into his car. It is only logical to conclude that the defendant believes that the informant will corroborate his testimony and contradict that of the co-defendant. If so, that certainly would aid in his defense. Therefore, we are not willing to affirm the denial of disclosure simply because the co-defendant testified differently than the defendant. However, we do not find that the record necessarily compels disclosure either.
 {¶ 28} We remain cognizant of the State's interest to protect the anonymity of the informant and of the fact that the informant may very well corroborate the co-defendant's testimony. In this instance, we believe an in-camera hearing provides an alternative short of disclosure that accommodates both the State's interest in non-disclosure and the defendant's interests in that it will allow the court to ascertain whether the informant would aid the defense based on his actual testimony. This procedure has been followed by a number of federal courts. See Gaines v. Hess (C.A. 10, 1981), 662 F.2d 1364, 1369, citingUnited States v. Martinez (C.A. 10, 1973), 487 F.2d 973, 977; UnitedStates v. Cortese (C.A. 3, 1980), 614 F.2d 914, 921-22; United States v.Weir (C.A. 8, 1978), 575 F.2d 668, 672-73 [other citations omitted]. InGaines, the court held that the "in camera procedure has the advantage of giving the trial court considerable flexibility in determining if disclosure is warranted." Gaines, 662 F.2d at 1369.
 {¶ 29} In Gaines, an informant set up a drug transaction between the defendant and an undercover officer. "Gaines' defense was that he was not the person who sold drugs to the officer." Gaines, 662 F.2d at 1368. The informant was the only witness to the sale other than Gaines and the officer. The federal court in Gaines found that "it would violate Gaines' due process rights to deny disclosure if in fact the informant could provide potentially significant exculpatory testimony." Id. Consequently, the court remanded for an in-camera evidentiary hearing where it left "to the discretion of the trial court how best to determine the relevance of the informant's testimony, although the in-camera proceedings should be transcribed and sealed to permit meaningful review while retaining limited disclosure." Id. at 1369.
 {¶ 30} Therefore, we find that the trial court erred in denying defendant's motion to disclose the identity of the informant under the particular facts of this case and without holding an in-camera evidentiary hearing to determine the nature of the informant's testimony. On remand, the court is instructed to conduct an in-camera evidentiary hearing with the proceedings transcribed and sealed for purposes of review. If the court determines disclosure is not required, the proceedings shall remain under seal and the findings made in terms that keep the informant anonymous. If the court determines that disclosure is required, a new trial shall be ordered with regard to the relevant counts of the indictment and with the informant available as a witness unless the State opts to dismiss the prosecution to keep the informant anonymous.
 {¶ 31} Assignment of Error II is sustained.
 {¶ 32} "III. The trial court erred when it failed to give requested cautionary instruction on accomplice testimony."
 {¶ 33} In this case, the State pursued charges against defendant as an accomplice to McWhorter and repeatedly suggested that the evidence would show that the two men acted "in concert." The complicity statute, R.C. 2923.03 provides in pertinent part as follows:
 {¶ 34} "If an alleged accomplice of the defendant testifies against the defendant * * * the court, when it charges the jury, shall state substantially the following:
 {¶ 35} "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution."
 {¶ 36} The court failed to provide this cautionary instruction to the jury as required by statute. Ohio courts have found that the failure to give this cautionary instruction amounts to plain error. See State v.Burkhammer (Jan. 11, 1991), Lake App. No. 89-L-14-096, citing State v.McKinney (Mar. 6, 1990), Franklin App. Nos. 89AP-466, 89AP-467, 89AP-468, and 89AP-469; see, also, State v. Ferguson (1986),30 Ohio App.3d 171, 174 "[accomplice testimony] instruction is very important. It serves to alert the jurors that acomplices are witnesses with special motives that the average juror may never before have encountered." However, it is not necessary for defendant to establish that the court's failure to give this instruction amounted to plain error because defense counsel requested this instruction below.
 {¶ 37} Defense counsel did not submit a written request for this cautionary jury instruction, but orally requested the cautionary instruction at side bar prior to the court's completion of the jury charge. The court denied the defense request. The State contends that the court properly denied the request for the instruction because it was not timely made. However, the cases relied upon by the State do not involve a jury instruction that is required to be given by law. Under these circumstances and based on the above quoted law, we find that the trial court erred in failing to include this cautionary instruction as requested by the defendant with respect to counts one, two, three, and five.
 {¶ 38} However, defendant admitted that the marijuana found in the vehicle belonged to him. McWhorter's testimony did not relate to the sale and or possession of the marijuana found in the vehicle. Accordingly, the refusal to give the instruction has no effect upon defendant's conviction on count four of the indictment.
 {¶ 39} Based on the foregoing, Assignment of Error III is overruled with respect to defendant's conviction for trafficking marijuana on count four and sustained in part and remanded for a new trial on the remaining counts of the indictment.
MICHAEL J. CORRIGAN, P.J., and SEAN C. GALLAGHER, J., CONCUR.