UNITED STATES of America, Plaintiff

v.

Alexander CARIÑO–TORRES
[1], Defendant.

Criminal No. 07–155 (FAB).

United States District Court,
D. Puerto Rico.

Oct. 17, 2007.

Joseph C. Laws, Yasmin A. Irizarry, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On April 11, 2007, a Grand Jury sitting in this district issued a two-count indictment charging defendant Alexander Cariño–Torres ("Cariño") with conspiracy to distribute a substance with detectable amounts of cocaine within one thousand feet of a public housing facility and with possession of a substance containing detectable amounts of cocaine with intent to distribute within one thousand feet of a public housing facility (Docket No. 2). On October 4, 2007, the defendant filed a Motion Requesting Order Pursuant To *"Roviaro v. U.S."* (Docket No. 111). Later the same day, the Court ordered the United States to respond to the defendant's motion. On October 10, 2007, the United States filed a Response in Opposition to Defendant's Motion for Order Under *"Roviaro v. U.S."* (Docket No. 128). For the reasons discussed below, the Court **denies** Cariño's motion requesting the disclosure of the confidential informant's identity pursuant to *Roviaro*.

## DISCUSSION

The United States may invoke the "informer's privilege," a limited privilege, to withhold from disclosure the identity of a confidential informant who furnishes information to law enforcement officers. *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). "The privilege is designed to protect the government's sources and to shield citizens who contribute their knowledge to facilitate the prosecution of criminal acts." *U.S. v. Robinson,* 144 F.3d 104, 106 (1st Cir.1998). A trial court may require disclosure of the confidential informant's identity where the informer's identity or "the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro,* 353 U.S. at 60–61, 77 S.Ct. 623.

There is no fixed rule concerning when a confidential informant's identity must be disclosed. *Id.* at 62. A trial court's decision to uphold or deny the privilege must balance the public interest in protecting the flow of information against the defendant's right to prepare his defense. *Id.* To determine the balancing point, all relevant circumstances must be considered such as the nature of the crime charged, the contours of the defenses asserted, the available means of proving the charges and defenses, and the significance of the informant's role. *See id.; Robinson,* 144 F.3d at 106.

To begin, there is a presumption favoring confidentiality; the burden is on the defendant to demonstrate that the circumstances require disclosure. *Robinson,* 144 F.3d at 106; *United States v. Lewis,* 40 F.3d 1325, 1335 (1st Cir.1994). The burden is heavy, but not intractable. *Robinson,* 144 F.3d at 106. To meet the burden, the defendant must provide some explanation of how the confidential informant's testimony would support the defendant's defenses. *United States v. Giry,* 818 F.2d 120, 130 (1st Cir.1987) ("Speculation ... is not sufficient to meet the heavy burden which rests on an accused to establish that the identity of an informant is necessary to his defense." (quoting *United States v. Skeens,* 449 F.2d 1066, 1070

(D.C.Cir.1971))), *cert. denied,* 484 U.S. 855, 108 S.Ct. 162, 98 L.Ed.2d 116 (1987). Cariño has not met this burden.

 The only statements offered by the defendant in support of his motion are that "the informants appear to have participated in the criminal transaction" and "[i]n the case of Cariño the interview with the informants is of the essence to prepare his defense." (Mot. Req. Order Pursuant to *"Roviaro v. U.S."* at 2.) An informant's participation in the crime does not in and of itself bring the informer under *Roviaro. United States v. Kelly,* 449 F.2d 329, 330–31 (9th Cir.1971). Cariño has not put forward a single defense, nor has he suggested with any specificity how the confidential informant's testimony would be relevant to his defense. A conclusory statement that an interview with an informant "is of the essence" to prepare the defense is not sufficient to overcome the presumption protecting the informer's identity. Accordingly, Cariño's Motion is denied.

### Conclusion

For the foregoing reasons, the Court **DENIES** Cariño's motion requesting the disclosure of the United States' confidential informant(s) pursuant to *Roviaro.*

IT IS SO ORDERED.