[Crim. No. 10593.   Second Dist., Div. Four.   Aug. 31, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ROOSEVELT DELANO POWELL, Defendant and Appellant.

George L. Vaughn, Jr., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David S. Sperber, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In a trial by the court, appellant Powell and two codefendants, Rogers and Brown, were convicted of possession of marijuana in violation of section 11530 of the Health and Safety Code.

On July 25, 1964, at about 7 a.m., Officer Searcy was driving on Adams Boulevard in Los Angeles when he noticed some people and a car parked next to a building in the vicinity of a pastrami stand located on Adams at Normandie Avenue. As the officer drove closer he observed that they were looking in his direction. Defendants Brown and Rogers were standing next to the passenger side of the car. The officer observed appellant Powell seated on the front seat on the passenger side of the vehicle. When the officer was about 15 feet away from them, Brown and Rogers appeared to pass something between themselves and Brown put his hand, which was cupped, behind his back. As the officer started to get out of his vehicle, he saw Brown make a motion with his arm toward the open window of the car in which appellant Powell was sitting. Searcy then saw a brown paper wrapped cigarette strike the door of the car and fall to the ground at the feet of Brown and Rogers. Keeping this object in sight, he went over and retrieved it. It appeared to be a marijuana cigarette. He ordered Powell out of the car. When the latter got out, the officer saw a package of Kent cigarettes lying on

the front seat about 5 inches from where Powell had been sitting. He picked up the cigarette package and observed that inside, among a number of white filter cigarettes, was another brown paper wrapped cigarette which also appeared to be marijuana. Defendants were then taken into custody.

It was stipulated that a forensic chemist was called and testified that in his opinion the two cigarettes contained marijuana.

In his testimony defendant Powell denied that he was in possession of marijuana. He testified that he does not smoke Kent cigarettes; the first time he saw the package of Kent cigarettes was after he was placed in the police car; Officer Searcy got them out of the sun visor of the car on the driver's side; there were no cigarettes on the seat next to him; the vehicle in which he was seated did not belong to him but to a person called "Sap"; he was sitting in the vehicle waiting for a hamburger to be prepared when Rogers and Brown came over and started a conversation.

■ Appellant contends that the search of the vehicle which turned up the marijuana cigarette in the package of Kent cigarettes was illegal. This contention lacks substance. The evidence sufficiently established that the search was justified as incidental to the lawful arrests of defendants. When the arresting officer, his suspicions justifiably aroused by the furtive actions of defendants Brown and Rogers who, upon seeing him, had apparently attempted to secretly pass something between themselves, stepped from his vehicle to investigate, observed defendant Brown's motion with his arm toward the open window of the car in which appellant was sitting, and then saw the cigarette—which his experience told him was marijuana—fall against the door of the car and onto the ground at the feet of Brown and Rogers, the officer was clearly reasonable in his belief that these three defendants were in possession of marijuana. Thus the subsequent arrests of defendants and the search of the car which revealed the contraband hidden in the Kent cigarette package were proper.

Nor do we find merit in the contention by appellant that the evidence was insufficient to support his conviction of a violation of section 11530. ■ No citation of authority is necessary for the proposition that the possession of the narcotic and knowledge of its narcotic character may be established by circumstantial evidence and reasonable inferences drawn therefrom.

The evidence in this case clearly supports a finding that the marijuana cigarette found in the cigarette package lying inches from where appellant was seated, was in his possession and control. That this possession was with knowledge of its narcotic nature can reasonably be inferred from the manner in which it was secreted in an ordinary package of cigarettes.

The judgment of conviction is affirmed.

Files, P. J., and Kingsley, J., concurred.