[Crim. No. 14286.   Second Dist., Div. One.   June 28, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WARREN CLARK MINER, Defendant and Appellant.

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of possessing marijuana.

In an information filed in Los Angeles on February 6, 1967, defendant was charged with possessing marijuana on January 17, 1967. It was further charged that defendant previously had been convicted of a violation of section 11531 of the Health and Safety Code (selling marijuana) on or about January 1964. Defendant pleaded not guilty. It was stipulated that the cause might be submitted upon the testimony contained in the transcript of the proceedings had at the preliminary hearing, subject to each side's offering additional evidence. The defendant was found guilty as charged. Although it is clear that defendant previously was convicted as alleged; that a certified copy of the commitment order and the entire superior court file in the previous case was introduced into evidence showing unequivocally that defendant was convicted and served a term in a prison therefor; yet the judge made no finding as to the truth or falsity of the charge, saying, "the Court is willing to go along and not make any finding on the priors. . . ." Defendant was sentenced to the state prison as a first offender. A timely notice of appeal was filed from the judgment, likewise a notice of a purported appeal from an order denying a motion for a new trial and a purported appeal from the denial of writs of habeas corpus.

A résumé of some of the facts is as follows: At about 4:15 a.m. on January 17, 1967, Officers Lay and Powell of Southgate were patrolling in uniform in a police vehicle. The fog was very heavy when they came upon a 1954 Ford car

driven by defendant. The Ford car was proceeding north-bound in lane number 2, weaving to and fro. The car stopped with the engine racing: it started again and proceeded to an intersection where defendant made a left turn into a gasoline service station from the number 2 lane. The officers followed the car into the station where it came to a stop. Defendant got out of the car as the officers were coming up from behind him. Officer Lay smelled defendant's breath and it was indicated to him that defendant had been drinking. Defendant's eyes were bloodshot, watery and dilated and there was no reaction to a flashlight being shone into them. Officer Powell asked defendant for his driver's license and defendant produced instead a narcotics offender's registration slip. When defendant was asked concerning the narcotics charge, defendant responded that it was for the possession of marijuana. Lay asked defendant whether he could search the car and defendant replied, ''Yes. Go ahead.'' The officer made a search and found, on the floorboard of the back seat on the driver's side, a very few small seeds which appeared to be marijuana plant seeds. Lay secured defendant's permission to search him and of his own accord defendant removed the contents of his pockets onto the hood of his car. Among the items from his pockets were some papers, a wallet, a comb and what appeared to be a package of Camel cigarettes. Defendant said, ''Please search me so that you will see that I am clean and I can get out of here.'' Powell searched defendant and as defendant reached out his hand toward the package of cigarettes on the hood of the car, Officer Lay stopped defendant and picked up the package to inspect it before giving it to defendant. There were in the package some cigarettes and a hand-rolled cigar-ette which contained marijuana. Both officers were of the opinion that defendant was intoxicated and he was placed under arrest for suspicion of possession of marijuana. Chemi-cal analyses confirmed the belief that the seeds were mari-juana seeds and that the hand-rolled cigarette contained marijuana.

Defendant testified in his own behalf. He stated in effect that he had been out drinking, that he did not have any idea where the Camel cigarette package came from, that he first saw it when he took it from his pocket.

Appellant now asserts that the evidence was insufficient to support the judgment and that there was no reasonable cause for the arrest or search and consequently the contraband should never have been received into evidence.

It is appropriately stated in *People* v. *Powell,* 236 Cal.App. 2d 881, 883-884 [46 Cal.Rptr. 415] as follows: ". . . No citation of authority is necessary for the proposition that the possession of the narcotic and knowledge of its narcotic character may be established by circumstantial evidence and reasonable inferences drawn therefrom.

"The evidence in this case clearly supports a finding that the marijuana cigarette found in the cigarette package lying inches from where appellant was seated, was in his possession and control. That this possession was with knowledge of its narcotic nature can reasonably be inferred from the manner in which it was secreted in an ordinary package of cigarettes.''

All of the circumstances of this case point to the appellant's guilt.

▇ With reference to the claim that there was an unreasonable search it must be kept in mind that the weather and visibility conditions were bad; that appellant had made an illegal turn into a service station; that while engaged in talk it was observed that appellant's breath was strong of alcohol; that defendant stated that he had been drinking; his eyes were bloodshot, watery and the pupils were dilated and did not respond to a light. Appellant was subject to arrest for driving while under the influence of intoxicating liquor. When asked for his driver's license, he did not exhibit such but produced a narcotics offender's registration slip. The officers asked to search the car and appellant consented, and the marijuana seeds were located in his car. Appellant placed the contents of his pockets on the hood of his car and then in a seemingly calculated move attempted to retrieve the cigarette package which resulted in the officer locating the marijuana cigarette.

We find nothing in the record in this case to the effect that there was any unreasonable search or illegal arrest.

There was no motion for a new trial. There is no appeal from the denial of the writs of habeas corpus (Pen. Code, § 1506). The purported appeals from such orders are dismissed.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.