STATE of Missouri,
Plaintiff-Respondent,

v.

Shelley LaVerne WEST,
Defendant-Appellant.

No. 38677.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 8, 1977.

James B. Herd, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant-appellant Shelley LaVerne West appeals from a judgment of convic-tion finding her guilty of unlawfully and knowingly having in her possession and under her control a quantity of "PCP" and a sentence of six months in the county jail. Defendant challenges the sufficiency of the evidence, which was wholly circumstantial, to sustain the conviction.

We conclude that there was no substantial evidence to show that the defendant knowingly possessed and had under her control the "PCP" in question and that the judgment should be reversed. In reviewing the evidence, the facts in evidence and the favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state.

On April 18, 1975, defendant and several of her friends were having a party in a mobile home located in Montgomery City, Missouri. The mobile home was rented by one Vicky Callaway. Apparently the defendant had been staying at the mobile home for a few days prior to the date of the party. No evidence was adduced, however, indicating that the mobile home was defendant's permanent residence.

During the late evening hours of April 18, Sheriff Clarence Landrum of Montgomery County, executed a search warrant for the mobile home. Upon arrival at the mobile home, the sheriff noticed several automobiles parked near the premises. One such automobile was owned by the defendant. At approximately 11:45 p. m., the sheriff arrested ten or eleven persons from the mobile home. The officers seized several controlled substances.

Among those arrested were the defendant, her younger brother, Sidney West, and her boyfriend, Randy Hampton. The record does not indicate whether Sidney West or Randy Hampton were formally charged after the arrest. Defendant was not charged but was released to her mother at 11:00 a. m., the following morning, some fourteen hours after the arrest. As a condition to her release, defendant was required to execute a consent form to the search of her automobile located near the mobile home.

At the time of her release, defendant was aware of the impending search. Sheriff Landrum informed the defendant and her mother that the vehicle would be searched some time in the afternoon. The vehicle was not under surveillance at any time prior to or after defendant's release.

The actual search took place after 1:00 p. m., on April 19, 1975, some two hours after the defendant's release. During this two hour period, the defendant and her mother returned to the mobile home. Some time after 1:00 p. m., several members of the Montgomery County sheriff's office and the state highway patrol arrived at the trailer and began to search a number of the vehicles. Defendant handed the keys to her vehicle to Trooper Magruder. The trooper, after searching the front and rear area discovered a small box in the trunk of defendant's vehicle. The box contained several white pills. Defendant, owner of the vehicle, was subsequently arrested and charged with possession of a controlled substance. The substance was later determined to be phencyclidine, commonly referred to as "PCP."

Testimony adduced at the trial included that of Sheriff Clarence Landrum, deputy sheriff Ambrose Oligschaeger; Missouri Highway Patrolmen Raymond Magruder and Joseph Crow; Wilma See, defendant's mother, and Sidney West, defendant's brother.

Both of the sheriffs and Patrolman Magruder testified to the chain of events as set out above. None of the three offered testimony linking the defendant to the controlled substance, other than the ownership of the vehicle. On cross-examination during the state's case, Patrolman Magruder testified to the operation of defendant's car by her brother Sidney, and her boyfriend, Randy.

Mrs. Wilma See testified that her daughter had purchased the vehicle about three weeks prior to the arrest. Mrs. See stated her son, Sidney West, and Randy Hampton drove the car. Mrs. See testified further that at one point while at the mobile home, after her daughter's release, the defendant went into the mobile home, and alighted with the keys to her automobile. She entered the front of the automobile, but did not open the trunk.

Defendant's brother, Sidney West, was called as a rebuttal witness by the state. He admitted that he and Randy Hampton drove the automobile, but denied any knowledge of the box containing the PCP. Sidney West testified further that he had placed a spare tire in the trunk of the car the day before defendant's arrest, and had not seen the box.

After defendant's motion for judgment of acquittal at the close of all the evidence was denied, the jury returned a verdict of guilty.

In our opinion, the evidence does not support a conviction for knowingly having possession and control of a controlled substance by the defendant. Section 195.-020, RSMo 1969, sets out the prohibited acts relating to controlled substances. This section neither defines possession, nor is a definition included in § 195.010. Missouri case law requires the state to prove actual or constructive possession of the substance together with knowledge of the fact of possession. *State v. Worley*, 375 S.W.2d 44 (Mo.1964); *State v. Burns*, 457 S.W.2d 721 (Mo.1970). The test is whether " 'the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.' . . ." *State v. Young*, 427 S.W.2d 510, 513 (Mo.1968). Actual possession is not necessary to sustain a conviction, constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance. One such incriminating fact is a defendant's access to an area in which drugs are found. *State v. Brickley*, 521 S.W.2d 16 (Mo.App.1975). Proximity of the controlled substance to the person who acknowledges ownership will permit a finding of possession which in turn will support the charge. *State v. Lockhart*, 501 S.W.2d 163, 164 (Mo.1973). The legal fiction of constructive possession, however, has its limits. As stated by our supreme court in

*State v. Burns*, supra, at 724, " . . . [p]ossession without knowledge of such possession is not possession in the legal sense of that word . . . ."

■ It is true the circumstantial evidence may be used to show the requisite possession, and therefrom knowledge inferred. *State v. Young*, 427 S.W.2d 510 (Mo.1968). But to support a conviction or make a submissible case based on circumstantial evidence, the facts and circumstances must be consistent with each other, must tend to prove guilt, and not only must be consistent with the hypothesis of the defendant's guilt, but also must be inconsistent with every other reasonable hypothesis of innocence. *State v. Eye*, 492 S.W.2d 166, 167–168 (Mo.App.1973); *State v. Burnley*, 480 S.W.2d 881, 882 (Mo.1972).

In the present case, there was no evidence that the defendant had ever touched the box found in the trunk, nor, for that matter, any evidence defendant had ever entered the trunk. Defendant made no declarations indicating knowledge of the drugs. There was no evidence that the defendant had exclusive control of the automobile, in fact, testimony in the state's own case indicated others had access to the automobile. The state also failed to show the keys to the automobile were in defendant's possession while she was in custody before the search. In view of the testimony indicating the keys were left in the mobile home while the defendant was in custody, it is reasonable to believe that the vehicle was not in defendant's possession prior to the search. Perhaps the most compelling fact indicating the lack of knowledge of the drugs was the defendant's conduct. Her conduct was not such that an inference of knowledge could be drawn. We do not believe the facts as set out above buttress an inference of defendant's knowledge of the presence of the controlled substance.

■ In reaching this result, we believe that we have construed the evidence in the light most favorable to the state. The only evidence that implicates the defendant was the fact of defendant's ownership of the vehicle. Missouri does not recognize the presumption that the owner is charged with knowledge of everything found in his or her vehicle. *Cf. Corrao v. State*, 154 Ind.App. 525, 290 N.E.2d 484 (1972); *Watson v. State*, 93 Ga.App. 368, 91 S.E.2d 832 (1956). Contra, *People v. Van Syoc*, 269 Cal.App.2d 370, 75 Cal.Rptr. 490 (1969). We believe such a presumption may be dangerous. The inclusion of omnibus clauses in insurance policies, and the concomitant increase in usage of automobiles by drivers other than the owner, has given the automobile a new role in our mobile age. Perhaps the "family car" is the best example. Common experience teaches us that parents, teenage children, and on occasion friends and neighbors drive the "family car."

■ We believe that something more than mere ownership of a vehicle in which a controlled substance is discovered is needed to support a conviction for possession of narcotics. *Cf. State v. Virdure*, 371 S.W.2d 196 (Mo.1963), where the defendant acknowledged present possession of his vehicle located in front of his permanent residence. See also, *State v. Burns*, supra, at 724, where the court explained the *Virdure* case and emphasized the facts. The facts and circumstances in this case are not inconsistent with every other reasonable hypothesis of innocence. Inasmuch as we find the court should have sustained defendant's motion for a judgment of acquittal, we reverse without remand. This for the reason that the record indicates the state has had a full opportunity to develop its case fully; there is no need to remand the case for a new trial. *State v. Rogers*, 380 S.W.2d 398, 400[5] (Mo.1964) and *State v. Walker*, 365 S.W.2d 597, 602[8, 9] (Mo.1963).

Judgment reversed and defendant discharged.

CLEMENS, P. J., and SMITH, J., concur.