STATE of Missouri,
Plaintiff-Respondent,

v.

Joseph F. ARBEITER,
Defendant-Appellant.

No. 46140.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 20, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Jan. 24, 1984.

Application to Transfer Denied
March 20, 1984.

Henry B. Robertson, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Margaret Keate, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Chief Judge.

Defendant, Joseph Arbeiter, was convicted by a jury of two counts of possessing marijuana and pentazocine in violation of § 195.020 RSMo 1978 and sentenced as a persistent offender to two consecutive ten-year terms. § 558.016 RSMo 1978.[1] He appeals alleging the trial court erred in four respects. We affirm.

On August 15, 1981, a search warrant for a family home at 2833 Missouri was issued based on information supplied by an informant. This informant's identity was never questioned by the judge issuing the warrant. The home was owned by defendant's father-in-law and occupied by defendant and his wife, defendant's in-laws and various other adults and children. After obtaining the warrant, Officers Schnable and Conner searched the informant, supplied him with money to buy narcotics from the

defendant and observed him buying drugs from the defendant at the rear door of the house in question. Subsequently, when the search was conducted, defendant was found coming from a room in the basement. The officers searched the bedroom that the defendant appeared to be leaving and found some papers, letters, envelopes, and pictures of defendant's wife along with pills, capsules, marijuana, syringes and a black 22 caliber pistol.

▪ In his first point, defendant alleges the trial court erred in sustaining the state's objection to defendant's questions at the pretrial suppression hearing seeking disclosure of the police informant's identity. It is within the sound discretion of the trial court to determine whether the defendant can have a fair trial without requiring such disclosure. *State v. Hubble,* 494 S.W.2d 358, 361 (Mo.App.1973). Furthermore, disclosure is only required where the informant was in a position to offer testimony relevant and crucial to the defense. *State v. Wandix,* 590 S.W.2d 82, 85 (Mo. banc 1979); *State v. Broadus,* 616 S.W.2d 69, 71 (Mo.App.1981).

▪ We do not believe the informant's identity would have been helpful to the defense or proved the defendant's innocence. The evidence revealed the informant had purchased narcotics prior to the execution of the search warrant and on eight different occasions during the four weeks prior to the arrest. Defendant, however, was charged with possession and not sale of controlled substances. The informant did not witness defendant's possession of the substances and defendant has failed to produce any evidence or arguments which would persuade us to believe this informant's identity was necessary to secure useful testimony or in any way was crucial to his defense. In fact, defendant only argues disclosure is required because the informant was the only one with personal knowledge that the bedroom was his. Our review of the record reveals this is not the case and that there was sufficient evi-

---

1. All references to statutes are to RSMo 1978.

dence to establish the bedroom was in fact the defendants.

Moreover, the court in *Wandix,* 590 S.W.2d at 85 cited the issues of identity, scienter, and entrapment as ones on which an informant's testimony could be considered vital. Those issues are not present in the case at bar. Accordingly, defendant has failed to demonstrate that the informant's identity was crucial to his case and we believe the state had a significant interest in keeping the identity anonymous. Also see *Roviano v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The trial court did not abuse its discretion. Point denied.

Defendant also contends the trial court erred in failing to grant a mistrial when Officer Conner testified that the undisclosed informant had told him the bedroom in which the controlled substances were found was the defendants. The court, however, did sustain defendant's objection and instructed the jury to disregard the statement.

 The determination of whether to grant a mistrial is a matter largely within the discretion of the trial judge who can best gauge any prejudicial effect on the jury and will only be granted where there is no other remedy to remove the prejudicial effect. *State v. Reynolds,* 608 S.W.2d 422, 427 (Mo.1980). We do not believe Officer Conner's statement was so prejudicial that the trial court's admonition to disregard it would not cure any prejudicial effect. Officer Conner had already testified he had personal knowledge that the defendant was coming from the bedroom in question. Moreover, Officer Schnable had also testified that he had personal knowledge the bedroom was the defendants. Defendant's reliance on cases where an admonition to the jury was insufficient is misplaced. Our review of these cases revealed highly prejudicial situations where clearly inadmissible statements were admitted or where statements constituted an invasion of the accused's constitutional rights. All are clearly distinguishable from the instant case where we believe the trial court cured any

prejudice which may have resulted from the statement. Defendant's second point is denied.

 In his third point, defendant alleges the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to establish defendant's possession of the controlled substances. In reviewing the sufficiency of the evidence, we accept as true all evidence whether circumstantial or direct, tending to prove defendant guilty together with all reasonable inferences supportive of the verdict. Further, we disregard those portions of the record contrary to the verdict, mindful that our function is not to weigh the evidence but to determine whether there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged. *State v. Kelly,* 539 S.W.2d 106, 109 (Mo. banc 1976); *State v. Brooks,* 618 S.W.2d 22, 23 (Mo. banc 1981).

 In order to sustain a conviction for possession of controlled substances, the state must prove the defendant knowingly and intentionally possessed the substance and that the defendant was aware of the nature of the substances in question. *State v. Barber,* 635 S.W.2d 342, 343–44 (Mo. 1982). *State v. Wiley,* 522 S.W.2d 281, 292 (Mo. banc 1975). Furthermore, "constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance." *State v. West,* 559 S.W.2d 282, 284 (Mo.App.1977). We believe the state met its burden in this case.

 The evidence reveals that after entering the home, the officers immediately went to the basement where they found defendant in a bedroom. Defendant was dressed in shorts and was the only person in the basement. As previously stated, both Officer Schnable and Conner also testified they had personal knowledge the bedroom was in fact the defendants. Defendant argues there was joint control of the bedroom by defendant and his wife and that this is insufficient to support an inference of defendant's knowledge of the presence of the

substances. However, defendant was the only person in the bedroom and the basement. Several of defendant's personal effects were found in the bedroom and defendant took clothes from there after the search. When considered in the light most favorable to the state, the circumstances support the finding that defendant was intentionally and knowingly in possession of the controlled substances. While there is room for the possible hypothesis showing defendant's innocence, it is not reasonable. The quantity of drugs found in the bedroom coupled with the evidence establishing defendant's presence and right to control the premises again was sufficient for a jury to determine that defendant had knowingly and intentionally possessed the drugs. See *State v. Stewart*, 542 S.W.2d 533, 538 (Mo. App.1976). The court properly denied defendant's motion.

In his final point, defendant contends § 558.016, commonly known as the Persistent Offender Act, is inapplicable to drug convictions because § 195.200, the Narcotic Drug Act, contains its own enhancement provisions and because defendant was only found guilty of a misdemeanor.

■ First, we find defendant's argument that he was only convicted of a misdemeanor to be without merit. The amount of marijuana allegedly possessed by the defendant was never submitted to the jury and as a result, the trial court's statement that defendant was found guilty of possession of over 35 grams is erroneous. This, however, is irrelevant in light of the fact the court also made a finding that defendant had two prior felony convictions and one conviction for possession of less than 35 grams of marijuana. Section 195.200.-1(1)(b) does not differentiate between amounts of marijuana when it is the second or subsequent offense for possession. Moreover, it is also the same section defendant would have been sentenced under if he had actually been convicted of possessing over 35 grams. Any error is therefore harmless.

■ Secondly, defendant was charged under both Chapter 195 and § 558.016. For the second offense § 195.200.1(1)(b) provides that any person, upon conviction, shall be imprisoned in a state correctional institution for a term of not more than five years. Defendant argues his sentence was therefore an issue to be determined by the jury and that the court had no authority to apply § 558.016. The court, however, also found that defendant had two prior felony convictions of burglary second degree and operating a motor vehicle without permission of the owner. By finding defendant was a persistent offender it was within the court's power to sentence the defendant and not the jury's.

■ The offense charged is defined outside the criminal code and as the maximum term of imprisonment authorized is less than ten years, it is classified as a Class D felony. Section 557.021.3(1)(d). In light of defendant's two prior felony convictions, it was proper for the court to sentence defendant to the maximum of ten years. His previous conviction for possession of marijuana did subject his sentence to the enhancement provision in § 195.200.1(1)(b) making it a Class D felony. Due to the two prior felony convictions which we note were not drug related, he was then subject to enhancement for his Class D felony, if the court so chose to the maximum of ten years.

■ There is no question that the purpose and intent of the Persistent Offender Act was to impose longer sentences on defendants with felony records and to seek to deter subsequent crimes by the same offender. *State v. Garrett*, 435 S.W.2d 662, 663–664 (Mo.1968). Since the primary rule of construction is to ascertain the intention of the legislature, we do not believe defendant's contention that §§ 195.200 and 558.-016 are mutually exclusive is consistent with that intent. See *State, ex rel., Peach v. Bloom*, 576 S.W.2d 744, 746 (Mo. banc 1979). We note that if defendant's prior convictions had been drug related § 195.200 could very well be applied exclusively, also in keeping with the legislature's intention of classifying drug related crimes separately. This, however, is a point we need not

reach under the facts of this case where the Persistent Offender Act was applied because of two prior non-drug related felonies. We find the court properly reconciled and applied both statutes. Defendant's final point is denied.

The judgment is affirmed.

SNYDER, P.J., and GAERTNER, J., concur.