STATE of Missouri,
Plaintiff-Respondent,

v.

Carl PARKER, Defendant-Appellant.

No. 49720.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 28, 1986.

Application to Transfer Denied
March 25, 1986.

Robert A. Hampe, St. Louis, for defendant-appellant.

William L. Webster, Carrie Francke, Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Carl Parker, in a court-tried case, was found guilty of unlawful possession of a concealable firearm by one convicted of a dangerous felony in violation of § 571.070.-1(1) RSMo.Cum.Supp.1984. (All statutory references are to R.S.Mo.Cum.Supp.1984 unless otherwise noted). Appellant was

also charged under § 558.016 as a prior and persistent offender. The trial court sentenced him to a ten year term in the custody of the Missouri Department of Corrections and Human Resources. He appeals. The judgment is affirmed.

Appellant's single point relied on charges the trial court erred in failing to grant his motion to quash the indictment against him because it exposed him to double enhancement of the punishment or multiple punishments. The motion alleged violations of appellant's double jeopardy and due process rights under the fifth and fourteenth amendments to the United States Constitution and article I, section 19 of the Missouri Constitution. He also charges his right to a trial by jury was denied in violation of his rights under the sixth amendment of the Constitution.

Appellant was charged with unlawful possession of a concealable firearm by one convicted of a dangerous felony and also as a prior and persistent offender. The possession offense is a Class C felony for which the punishment is a term of years not to exceed seven. § 558.011.1(3). The authorized maximum term of imprisonment for a persistent offender who has been found guilty of a Class C felony is a term of years not to exceed 15. § 558.016.6(3). Appellant was sentenced to ten years.

Appellant reasons that the punishment for violation of § 571.030.1(1) which makes it unlawful to carry a concealed weapon, a Class D felony is automatically enhanced by § 571.070.1(1) proscribing possession of a concealable firearm by one convicted of a dangerous felony which is a Class C felony. He argues that the "enhancement" inherent in the concealable firearm statute, § 571.070.1(1), plus the prior and persistent offender enhancement under § 558.016 subject him to double jeopardy in violation of his constitutional rights.

█ The first question is whether the possession of a concealable firearm by one guilty of a prior dangerous felony prohibited by § 571.070.1(1) is in fact an enhancement of the offense of carrying a concealed weapon under § 571.030.1(1). Section 571.-030.1(1) is a statute proscribing a separate and distinct crime from that proscribed in § 571.070.1(1). The distinction arises because § 571.030.1(1) prohibits the carrying of a concealed *weapon;* § 571.070.1(1) prohibits the possession of a concealable *firearm.* In addition § 571.030.1(1) applies to the concealment of not only firearms, but also knives, blackjacks, or any other weapon readily capable of lethal use. Section 571.070.1(1) applies only to firearms. The elements of the crimes are different and therefore it cannot be said that the one enhances the punishment of the other.

A contention not raised by appellant is whether the same prior conviction of a dangerous felony, a required element for the crime of possession of a dangerous firearm by one already convicted of a dangerous felony under § 571.070.1(1), may also be used for enhancement purposes under § 558.016 when there is only one prior conviction.

It is unnecessary for this court to decide that question because defendant in the case under review had three prior convictions: stealing from a person, escaping from custody before conviction, and second-degree burglary.

█ Defendant's felony conviction for stealing from a person was used as an element of the crime charged, the possession of a concealable weapon offense. The other two felony convictions were properly used to establish appellant's status as a persistent offender and to sentence him to an extended term under § 558.016.

Assuming for the sake of argument that § 571.070.1(1) is an enhancement statute, a finding of double enhancement by this court would conflict with *State v. Arbeiter,* 664 S.W.2d 566 (Mo.App.1983). In *Arbeiter,* defendant was charged of possession of marijuana in violation of § 195.200.1(1)(b) RSMo.1978, a felony, and sentenced as a persistent offender under § 558.016 RSMo. 1978. *Id.* at 568. Defendant's prior offense was the possession of less than thirty-five grams of marijuana, a misdemeanor. The appeal turned on defendant's ar-

gument that the narcotic drug act contained its own enhancement provisions making the persistent offender statute inapplicable. *Id.* at 570. This court rejected defendant's argument, holding that the drug statute and the persistent offender statute were not mutually exclusive. *Id.* The principle of *Arbeiter* applies here.

Appellant attempts to avoid the *Arbeiter* reasoning by saying that the enhancement provision in § 195.200.1(1)(b) did not change the classification of the crime in that case. However, because the *Arbeiter* record does not disclose the amount of marijuana for the possession of which the defendant was convicted the second time, one cannot say with certainty that the narcotics drug act enhancement provision did not change the crime classification. If the amount of marijuana in the second conviction had been less than 35 grams, the crime classification would have been changed from a misdemeanor to a Class D felony.

Repeat offender statutes have been upheld as constitutional. *State v. Reese*, 625 S.W.2d 130, 134[10] (Mo.1981); *Smith v. State*, 684 S.W.2d 520, 523 (Mo.App.1984). They do not violate equal protection rights or due process rights. *State v. Maxwell*, 411 S.W.2d 237, 239 (Mo.1967); *see also State v. Gardner*, 600 S.W.2d 614, 618 (Mo. App.1980) *cert. denied* 449 U.S. 1020, 101 S.Ct. 585, 66 L.Ed.2d 481 (1980). Neither appellant's double jeopardy rights nor his due process rights were violated.

■ Appellant also complains that he was deprived of his right to a jury trial under the sixth amendment of the United States Constitution. He argues that his decision to waive a jury trial was made after his motion to quash the indictment was denied, relying on his belief that the indictment violated his constitutional rights. Even though he felt his motion to quash had merit, defendant had the right and opportunity to proceed to trial with a jury. Appellant waived his right to a trial by jury voluntarily, however, and upon the advice of counsel. He cannot in hindsight decry the trial court's acceptance of his voluntary waiver as constitutional error.

■ Appellant asserts that he has a right to have his punishment set by a jury. There is no such right. *Turnbough v. Wyrick*, 551 F.2d 202, 203[3] (8th Cir.1977), *cert. denied* 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977); *State v. Foerstel*, 674 S.W.2d 583, 593[8] (Mo.App.1984).

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.