STATE of Missouri,
Plaintiff–Respondent,

v.

Terry GARRETT, Defendant–Appellant.

No. 54142.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 27, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Feb. 1, 1989.

Application to Transfer Denied
March 14, 1989.

Jimmy Y. Lynn, Jr., Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Terry Garrett, appeals from his convictions, after a jury trial, of posses-

sion of marijuana and possession of cocaine. He was sentenced to five years' imprisonment for possession of marijuana and to a concurrent term of eight years' imprisonment for possession of cocaine. We affirm.

Defendant first challenges the sufficiency of the evidence to support his convictions. He contends that the evidence did not establish that he was in constructive possession of the marijuana and cocaine found in his automobile.

In assessing the sufficiency of the evidence, we accept as true all evidence and reasonable inferences therefrom that tend to support the verdict and disregard all evidence and inferences to the contrary. *State v. Reed,* 714 S.W.2d 913, 914 (Mo. App.1986). Our inquiry is limited to whether the evidence, viewed in the light most favorable to the State, is sufficient to support the verdict. *Id.*

The State's evidence was that the Shelby County Sheriff, based upon information furnished by a confidential informant, secured a search warrant for defendant's car and house. On April 12, 1986, the sheriff and two deputies went to defendant's residence in Clarence, Missouri. The two deputies pulled into the driveway behind defendant's automobile just as defendant was arriving home. Defendant was alone in the car. The deputies placed defendant under arrest and locked the doors of his automobile. A search of defendant's person at that time uncovered over $2,000 in cash.

The sheriff and two deputies then accompanied defendant inside the house which he shared with a roommate. The roommate was at home and answered the door. A search of the common areas of the residence and defendant's bedroom resulted in the seizure of certain substances and drug paraphernalia: roach clips for smoking the ends of marijuana cigarettes, rolling papers, a "quick hit" box, razor blades for cutting cocaine, and a spoon used to heat and dissolve drugs were located in the den of the house; plastic bags containing marijuana residue were found in the kitchen; a small scale used for weighing drugs and a brown plastic sandwich container containing seven marijuana cigarette butts were found in defendant's bedroom.

One deputy then went outside to unlock and search defendant's automobile. Under the front seat of the car he discovered another brown plastic sandwich container. The container held two paper packets and a prescription bottle containing cocaine as well as a bag and a bottle containing marijuana.

Defendant testified at trial that he was not aware of the presence of the plastic container with marijuana and cocaine in his automobile and that others had access to the automobile.

In order to sustain a conviction for possession of controlled substances, the State must prove that defendant knowingly and intentionally possessed the substances and that he was aware of the nature of the substances in question. *State v. Arbeiter,* 664 S.W.2d 566, 569 (Mo.App.1983). Constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substances. *Id.*

Something more than mere ownership of a vehicle in which a controlled substance is discovered is needed to support a conviction for possession of narcotics. *State v. West,* 559 S.W.2d 282, 285 (Mo. App.1977). In *West,* there was no evidence that the defendant had exclusive control of the automobile; and in fact, testimony in the State's own case indicated that others had access to the automobile. *Id.*

In the instant action, however, the only evidence of access to the automobile by someone other than defendant came from the defendant himself. The jury had the right to disbelieve this testimony. Here, the evidence was that defendant was arrested as he got out of his automobile. He was the only occupant of the vehicle at that time. The container in which the cocaine and marijuana were found was in close proximity to defendant. The container was directly under the driver's seat and was within easy reach of the defendant. When considered in the light most favorable to the State, the evidence supported

the finding that defendant was intentionally and knowingly in possession of the drugs.

Other facts buttress the inference of defendant's knowledge of the presence of the controlled substances. When the sheriff and deputies entered the house pursuant to the search warrant, numerous items of drug paraphernalia were discovered in the den of the house and plastic bags containing marijuana residue were found in the kitchen. Defendant's access to these common areas of the house where those items of paraphernalia were in full view was logically relevant to show that defendant's possession of the cocaine and marijuana in the car was with full knowledge of the illegal nature of those substances. *See State v. Hall*, 687 S.W.2d 924, 927 (Mo.App.1985). In addition, the brown plastic container found in defendant's bedroom was almost identical to the one found in defendant's automobile.

There was sufficient evidence for the jury to determine that defendant knowingly and intentionally possessed the drugs. The trial court did not err in overruling defendant's motion for judgment of acquittal at the close of the evidence. Defendant's first point is denied.

In his second point, defendant asserts that the trial court erred in admitting into evidence items of drug paraphernalia found in his residence. He argues that these items were inadmissible because they constituted evidence of other crimes and their connection to him was attenuated because he did not have exclusive use of the house.

■ Evidence of other crimes may be admitted to establish motive, intent, absence of mistake or accident, identity of the accused, or a common scheme embracing the commission of two or more crimes so interrelated that proof of one tends to establish the other. *State v. Pernell*, 606 S.W.2d 389, 391 (Mo.App.1979). The plastic container found in defendant's bedroom was the same type of plastic container as was found in his car. The various items of drug paraphernalia were in open view in the common areas of the house. *See Hall*, 687 S.W.2d at 927. The presence and loca-

tion of these items tended to prove that defendant intended to possess the drugs in the car and that he knew the character of the substances.

■ In addition, defendant was sufficiently connected with the items of drug paraphernalia to justify their admission. Defendant jointly occupied the parts of the house where the items of drug paraphernalia were found and had full access to the common areas of the house where the paraphernalia was in plain view. Testimony concerning the items of paraphernalia located in the common areas was connected with the crime charged in that it tended to show defendant's knowledge of and familiarity with illegal drugs.

The trial court did not err in admitting into evidence drug paraphernalia found during the search of defendant's residence. Defendant's second point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, C.J., and GRIMM, J., concur.